# HIGH COURT

OF

# ERRORS AND APPEALS.

## JANUARY TERM, 1840.

## Reed *et al. v.* The Benton and Manchester Rail Road and Banking Company.

The act of the Legislature of 1836, which declares that *all pleas to the action shall be deemed and adjudged as admitting the parties and the character of the parties suing, &c.* applies to corporations, as well as other suitors.

IN error to the circuit court of the county of Yazoo.

This cause was tried before the Hon. D. O. Shattuck, at the November term, 1839. It was an action of assumpsit, brought by the defendants in error against the plaintiffs in error, on a promissory note for one thousand dollars. The defendants below plead non-assumpsit. The plaintiff below produced and read to the court and jury in evidence, the note sued on, and have closed their testimony without having offered any proof of the corporation. The defendants demurred to the evidence, which was overruled, and a verdict rendered for the plaintiffs. The error assigned is the overruling of the demurrer.

22*

[Reed *et al. v.* The Benton and Manchester Rail Road and Banking Company.]

Yerger & Forrester for plaintiff in error.

Appellants executed a promissory note to said company, upon which suit was instituted in Yazoo circuit court. Defendants put in the plea of *non assumpsit.* On the trial the note was read in evidence, and the testimony closed. Defendant demurred to the evidence, which was overruled, and a writ of error taken.

1st. A corporation under the general issue must prove its corporate capacity to sustain the action. Carmichael *v.* Trustees of school lands, 3 Howard, 84 to 100. 8 John's Rep. 378. 2 L. Raymond, 1535. 14 John's Rep. 416. 2 Cowen, 770. Angel & Ames on Corp. 377. Trustees of Vernam *v.* Hill, 6 Cowen 25. 7 Wendell, 539. 5 Cowen, 482. 8 Wendell, 480.

It is not necessary to aver in the declaration that said company is a corporation, as they are created by a public law; but still on the general issue it must be proved, 14 John's 245, and authorities above cited; because, although the court will ex-officio notice the law, it will also notice its provisions, and when by *its* provisions, certain acts are required to be done, before it is a corporation, of course, these acts must be proved.

Said company, by the act creating them, became a corporation on condition one hundred thousand dollars were subscribed. Statutes collected, page 707. 2 sect. of act 1837.

On the general issue a corporation must prove it complied with the condition precedent in its charter. 8 Wendell, 480.

It must show where the note is made payable to said company, that it was incorporated and organized; the execution of the note is not an admission of the fact. 7 Wendell, 539. 3 Howard, 84.

If it was not proved on the trial, there was no proof that it was a corporation. The case in 3 Howard, fully sustains this view of the case.

2. The remaining question is, has the fourth section of the act of 1836 altered this rule? That section does not, nor was not intended to apply to corporations. It says, "all pleas to the action shall be deemed as admitting the parties and the character of the parties suing." The first, *i. e.* admitting the parties, &c. is merely in relation to identity: as if a man by the name of John Milbanes sues on a note or instrument made payable to John Milbanes, the defendant will not be allowed to say the plaintiff is

[Reed *et al. v.* The Benton and Manchester Rail Road and Banking Company.]

not the party to whom the note was given, but some other person of that name; nor shall the plaintiff be compelled to prove he is the party, &c. unless the plea is sworn to. This part of the act, therefore, only proves that, a plea in bar admits the party, *i. e.* that the plaintiff is the party with whom the contract was made. In this case, the plea, therefore, admits that the contract was made with certain persons styling themselves the Benton and Manchester Rail-Road and Banking Company, and that the plaintiffs are such parties; but, admitting this, it does not also admit the further fact, that the said company was incorporated.

Again, the act says, it (the plea, unless sworn to, &c.) shall also admit the character of the parties suing. This means that when the plaintiff sues as trustee, guardian, executor, administrator, chairman, governor, &c., his character of trustee, guardian, executor, chairman, presiding justice, governor, &c., need not be proved, where the plea does not deny such character, and is not sworn to. Suppose an act of the Legislature were to authorise any corporation to contract as trustee for the public, to make roads, or do any other thing, and, as trustee, to sue for a breach of the contract. In such a suit, they must prove they are a corporation, but when that is proved, then the character in which they sue, *i. e.*, as trustee, is admitted. The subsequent part of the section clearly shows this to be the meaning and true construction; it explains and makes plain the previous part of the law. It says, " the plaintiff shall not be compelled to prove any written signature; nor identity of person," *i. e.* that the plaintiff is the party with whom the contract was made, (not that he has power to sue;) " nor description of character," *i. e.* that he is trustee, guardian, &c.; " nor the person composed in any partnership, &c." None of these provisions apply to a corporation, or rather to individuals who sue as a corporation. The act, therefore, leaves the law on this point where the common law has placed it; it is unaltered, and the rule laid down in 3 Howard, is therefore decisive of this case.

3. The court below, therefore, erred, in pronouncing judgment on the demurrer to evidence in favor of the plaintiff: the judgment on said demurrer should have been in favor of the defendants. And as the court is required by the act of 1822, Rev.

[Reed *et al. v.* The Benton and Manchester Rail Road and Banking Company.]

Code, 151, sec. 7, to pronounce such judgment as the court below ought to have rendered, it must now reverse the judgment, and give judgment for the defendants below, that the plaintiff go hence, &c.

The act of 1838, section 2, (Laws 824,) may be considered as repealing in part, at least, the act of 1836. It allows as many pleas in bar as may be thought necessary, although such pleas go to the party or character in which he sues.

Mayes for defendants.

The only question in the case is, was it necessary that the defendants in error should have proved their corporate character on the trial of the general issue? As a general rule, it was so at common law as to corporations, and in the case of Carmichael *v.* Trustees of School Lands, 3d Howard, 96, it was decided that such proof was necessary. That case is very different from the present. The plaintiffs were not made a corporation by general law, if trustees at all, it was by appointment or election, and unless appointed they had no cause of action. Their appointment was a private matter, of which the court and jury could not take notice, and the very satisfactory reasons assigned by the Chief Justice, why proof was there necessary, shows that the decision stands on sound reason, but that it is wholly inapplicable to the present case.

In England, and in many states of the Union, it has been very properly held, that corporations must prove their corporate character. What good reason can we assign for this? It is very plain. Private acts, the judicial tribunals could not be presumed to know. But why not? Because they were not promulgated as were the public laws, and these acts of incorporation were private acts.

With us private acts are promulgated and placed in the hands of the judges and the public, as are other acts, and our acts of incorporation of banks are matters of public law and of general notoriety. By act of Assembly, Revised Code, 122, they are not to be plead as the private acts were at the common law. For the reason before assigned, at common law, it was necessary that a corporation prove its corporate character. But it is conceived

[Reed *et al. v.* The Benton and Manchester Rail Road and Banking Company.]

this was only a general rule. If it was universal, it would war with another rule of evidence, which is, that it is unnecessary to aver or prove that which is matter of general history. Hence we never find that it is required of the East India Company, the Bank of England, or any corporations of the like kind, to prove their corporate character. The state of Mississippi is a corporation, suing and prosecuting in her corporate character, yet a court would not require her to prove that she was a state. We never require proof of any of those public and notorious matters which it would be reproachful to a judge or juryman to be ignorant of.

That my distinction between public and private corporations is well taken, see Duchess Cotton Manufacturing Company *v.* Davis, 14th Johnson's Rep's. 238 ; see also, United States Bank *v.* Haskins, 1st Johnson's cases, 132.

The court will, therefore, take notice of the bank charter. But the charter declares the plaintiffs below a body corporate after certain acts done. I do not contend that the court and jury should be held to know judicially, that these acts were done. It would be as unreasonable to require such judicial knowledge, as it would be to require proof of the charter.

But a demurrer to evidence admits every fact that the jury might rationally infer from the evidence given. The note was executed by the defendants below to the plaintiffs by their corporate name. From this it might be inferred that they had become a corporation. Whether it be conclusive evidence or not, it is immaterial, it is in point of fact an admission that they are a corporation, for the fact that they are such is necessarily admitted by dealing with them as such. And, as an admission of the defendant, this act of dealing was before the jury and demurred to. Angel and Ames on Corporations, 381, would warrant me in going further than I, myself, feel authorised by my own judgment to do.

But whether we could or could not have recovered at common law upon the proof given, the act of 1836, Laws of Mississippi, 569, is conclusive. If it is not so on its face, I am sure I could say nothing which would make its application apparent, and I therefore forbear an attempt to prove what I conceive to be too evident to be made more so by me.

[Reed *et al. v.* The Benton and Manchester Rail Road and Banking Company.]

*Per Curiam.*

The defendants in error sued below in their corporate name, on a promissory note. The plea of *non assumpsit* was pleaded, and the only question is, whether that plea admitted the character of plaintiffs, and superceded the necessity of their proving that they were a corporation.

Whatever the rule of law may have been, we must now regard the question as settled by the act of 1836, which declares that "all pleas to the action shall be deemed and adjudged as admitting the parties and the character of the parties suing, and in no case shall the plaintiff or complainant be required to prove any written signature, identity of persons, description of character, or the persons comprising any partnership," unless denied by plea verified by oath. The plaintiffs below sued in an artificial character, and fall directly within the provisions of this act. The case of Carmichael *v.* Trustees of School lands, referred to, was not decided under this law, because the suit was brought and the exception taken before the passage of the act, and that decision does not therefore apply. It was made on the law as it was understood to be before the act.

Judgment affirmed.